UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SHASTA, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1764-MCE-KJN<br><br><br><br>**ORDER** |

　　　　Through this action, Plaintiff Robert Bennett seeks redress for a slew of purported constitutional violations, all stemming from the impoundment of his dogs by Defendant County of Shasta ("County") in May 2013.  Presently before the Court are Motions to Dismiss and alternative Motions for a More Definite Statement brought by Defendants Shasta County, Lt. Mark Lillibridge and Mike Lindsey (ECF No. 14) and by Defendant Haven Humane Society (ECF No. 15).  For the following reasons, Defendants' Motions for a More Definite Statement are GRANTED and their Motions to Dismiss are DENIED as moot.

　　　　A motion for more definite statement pursuant to Rule 12(e) attacks "the unintelligibility of the complaint, not simply the mere lack of detail . . . ."  Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  A Rule 12(e) motion should be granted only if the complaint is "so vague or ambiguous that the opposing party cannot

respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999); see also Bautista v. L.A. Cnty., 216 F.3d 837, 843 n.1 (9th Cir. 2000) (Reinhardt, J., concurring) (party can move for more definite statement on those rare occasions where a complaint is so vague or ambiguous that party cannot reasonably frame a responsive pleading).

"Rule 12(e) is designed to strike an unintelligibility rather than want of detail.... A motion for a more definite statement should not be used to test an opponent's case by requiring him to allege certain facts or retreat from his allegations." Neveu, 392 F. Supp. 2d at 1169 (quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp., 628 F. Supp. 454, 464-65 (C.D. Cal. 1986). If the facts sought by a motion for a more definite statement are obtainable by discovery, the motion should be denied. See McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996); Neveu, 392 F. Supp. 2d at 1169-70; Sagan v. Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "This liberal standard of pleading is consistent with [Rule] 8(a)(2) which allows pleadings that contain a 'short and plain statement of the claim.' Both rules assume that the parties will familiarize themselves with the claims and ultimate facts through the discovery process." Neveu, 392 F. Supp. 2d at 1169 (citing Sagan, 874 F. Supp. at 1077 ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

Here, Plaintiff's Complaint is so rambling and confusing that the Court cannot require Defendants to respond to it without risking the possibility that their attempt to do so will result in unintentional prejudice. See Cellars, 189 F.R.D. at 578. For example, every single factual allegation is incorporated into all of Plaintiff's causes of action, making it impossible to determine the specific facts on which his individual claims depend. See Destfino v. Kennedy, No. CV-F-08-1269, 2009 WL 63566 at *4 (E.D. Cal. Jan. 8, 2009) ("Allegations . . . which incorporate each preceding paragraph, regardless of relevancy, are not permitted."). Furthermore, Plaintiff's Second Cause of Action is brought against all eight defendants, but it is readily apparent that not every purported

constitutional violation can be maintained against certain defendants. Similarly, Plaintiff's Third Cause of Action for violation of 42 U.S.C. § 1985 is brought against all eight defendants even though the only allegation of a conspiracy refers solely to Defendants Haven Humane and the County. ECF No. 1 at ¶ 242. Finally, Plaintiff's First and Second Causes of Action contain a multitude of claims for relief, including multiple due process claims, multiple Fifth Amendment claims, and what appear to be Fourth Amendment issues.

In sum, Plaintiff's Complaint departs so fundamentally from being a "short and plain statement" of his entitlement to relief that it fails to give Defendants fair notice of the claims against them. Defendants cannot be reasonably expected to frame an informed responsive pleading given that deficiency. Furthermore, any attempt to adjudicate a Motion to Dismiss based on this Complaint would be so time-consuming that it would "impede the orderly, efficient, and economic disposition" of other disputes on the Court's docket. Ebrahimi v. City of Huntsville Bd. Of Educ., 114 F. 3d 162, 165 (11th Cir. 1997). Accordingly, Defendants' Motions for a More a Definite Statement (ECF Nos. 14 and 15) are GRANTED, and their alternative requests that the matter be dismissed are DENIED as moot. Should he choose to do so, Plaintiff is directed to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure within 21 days from the date this Order is electronically filed. Failure to do so will result in this action being dismissed with prejudice and without further notice to any of the parties.

IT IS SO ORDERED.

Dated: March 14, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT